42694, 42695.   HARTLEY v. AETNA CASUALTY
& SURETY COMPANY et al.   (two cases).

EBERHARDT, Judge. Where, upon an application by the employee for a determination of a change in condition resulting from an alleged re-injury, the board found that there had been no compensable re-injury or change in condition, which finding was supported by the evidence, the employee then filed an original application for compensation based upon the same occurrence, a denial of compensation upon application of the doctrine of res judicata was authorized.

Claimant suffered a back injury October 2, 1963, when some heavy bundles of formica fell on him. He was referred to a doctor for treatment and compensation was paid on a

duly approved agreement until he returned to his job in December, at which time an agreement that disability had ended was filed and approved December 26, 1963. He continued to work until June 22, 1964, when he was discharged for violation of company rules. After being discharged on Tuesday he asserted to his employer that he had re-injured his back on the previous Friday afternoon while assisting in unloading some heavy showcases, and exhibited a receipt from Grady Hospital indicating that he had been there on Monday seeking treatment for an alleged injury to his back. The report indicated "x-ray negative—no acute changes. No fractures," and he was returned to the orthopedic clinic, where the report showed "routine views show no fracture of the dorsal or lumbar spine. All intervertebrae disc spaces are within normal limits."

An application was filed by the employee seeking a determination by the board that a change in condition had resulted from his claimed injury of Friday, June 19. Hearing was had on the application. Claimant testified that he had suffered a re-injury of his back in lifting a heavy showcase from a truck during the afternoon of June 19, and that although he had said nothing to his employer about it until after he was discharged the following Tuesday, he had gone on Monday to Grady Hospital for treatment. He testified: "It is the same hurt—not a different part of my back—it was in my hip down there—lower hip the last time I was hurt. I was already having trouble with it. It is the same identical injury." Dr. Davis, who had treated the employee after the original injury, saw and examined him July 1, 1964, some twelve days after the alleged re-injury, doing a complete physical, and he testified, quoting from the record, that he had not been able to find any "neurological deficits"; that all "reflexes and cranal nerves were intact, all cutaneous incisions present and equal, all deep tendon reflexes present and equal, all superficial skin reflexes present and equal"; that forward flexion of the spine and lateral flexion of the spine, both to the left and right were full and equal and there was no limitation of motion or pain; that the electrocardigraphic tracing was normal; the blood count was within normal limits and the urinalysis was normal; the x-rays revealed no evidence of any bone disease, fracture or dislocation or abnormalities and no evidence was found of any

soft tissue densities. He was able to move about the room and get on and off the examining table without difficulty. However, claimant asserted that he suffered pain upon raising his leg without bending the knee, and Dr. Davis testified that extension of the spine from an erect position produced pain and that on palpation of the paravertebral muscles claimant complained of pain, which disappeared after one or two minutes. Objectively, the pain from palpation of the muscles was the only thing he found in making the examination, and in his opinion the man had been able to do light work. His employer testified that he was present working with the employee throughout Friday afternoon and that nothing unusual or out of the ordinary happened, and that claimant gave no indication of having been hurt and said nothing whatever about having been hurt until after he was discharged on the following Tuesday for violation of company rules.

As to whether his back was any worse following the alleged incident of June 19, claimant testified that he had experienced discomfort with his back all along from the time he returned to work in December following the accident of October 2, 1963, and that he was actually having less discomfort at the time of the hearing than he had experienced while he worked from December to June.

The deputy director found that the claimant had not incurred any compensable injury on June 19, that there had been no change in his condition since returning to work in December, 1963, and that he was not entitled to compensation. On appeal to the full board the deputy director's findings and award were adopted, with one member dissenting.

Claimant also filed an original claim for compensation based upon the alleged incident of June 19, 1964 and the board denied the claim, applying the doctrine of res judicata.

The awards were affirmed on appeal to the superior court, and from its judgments claimant appeals.

*Judgments affirmed. Felton, C. J., and Hall, J., concur.*

ARGUED APRIL 3, 1967—DECIDED APRIL 6, 1967—REHEARING DENIED MAY 5, 1967—

*William I. Aynes, Paul C. Myers,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., War-ner R. Wilson, Jr.,* for appellees.